UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:23-CR-001-KKC

UNITED STATES OF AMERICA      PLAINTIFF

V.      **PLEA AGREEMENT**

NANA KWABENA AMUAH      DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Superseding Indictment, charging a violation of 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering.

2. The essential elements of Count 1 are:

    (a) That two or more people agreed to try to accomplish a common and unlawful plan to:

      a. Conduct financial transactions knowingly involving the proceeds of a specified unlawful activity (that is, wire fraud, bank fraud, and conspiracy to commit wire and bank fraud in violation of 18 U.S.C. §§ 1343, 1344, and 1349), in a manner affecting interstate commerce, on order to conceal and disguise the nature, location, source, ownership, and control of the proceeds; or

      b. Conduct monetary transactions by, through, or to a financial institution, of property derived from specified unlawful activity (that is, wire fraud, bank fraud, and conspiracy to commit wire and bank fraud in violation of 18 U.S.C. §§ 1343, 1344, and 1349) in an amount greater than $10,000 and in a manner affecting interstate commerce; and

    (b) The Defendant knew about the plan's unlawful purpose and willfully joined in it.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) At all relevant times, Nana Kwabena AMUAH worked and operated out of Florida, Texas, New York, New Jersey, and elsewhere. His co-conspirator, Shimea Maret McDonald, worked and operated out of Texas. Other coconspirators were located within and outside the United States.

(b) At all relevant times, the Lexington-Fayette Urban County Government (the "City") and its bank account, were located within the Eastern District of Kentucky.

(c) From some time in 2021 until the date of his arrest, AMUAH directed McDonald to open bank accounts to receive money from a variety of victims. AMUAH knew McDonald used fake identities of real people and shell companies to set up the bank accounts, because he helped facilitate her obtainment of the fake identity cards and documentation. AMUAH and McDonald communicated over Telegram and other messaging services about the location of the bank accounts and the names on those accounts. Once money entered those accounts, AMUAH notified McDonald of the payments and directed her to wire or otherwise bring him the stolen funds, after McDonald retained her portion. Working with others, AMUAH then would wire or otherwise bring money to the other co-conspirators, who facilitated further transfers or initiated the underlying scheme to defraud the victims, after he retained his portion of the proceeds.

(d) On June 6, 2022, McDonald opened bank account *0109 at Truist Bank using the identity of K.N., a real person whose identity she stole and whose identity card AMUAH assisted McDonald in obtaining, and put the account in the name of Gretson Company LLC, a shell company McDonald had established with the Texas Secretary of State. In August of 2022, co-conspirators impersonated a nonprofit organization having business with the City over email, instructing City officials to redirect any future payments owed to the nonprofit organization to a new bank account, the Truist Bank account *0109 in the name of Gretson Company LLC. On August 17, 2022, MCDONALD obtained several counter checks for Gretson Company LLC account *0109, using the identity of K.N. On August 19, 2022, the City began sending large wires to the Gretson Company LLC account *0109 at the instruction of the coconspirators impersonating the nonprofit organization.

    (e) At AMUAH's instruction, McDonald then deposited checks funded with the City's funds to other bank accounts, some of which were controlled by McDonald or other individuals working at the instruction of AMUAH, with the aim of retaining some money as her profit and some money as AMUAH's profit. The remainder of the funds were to be posted to other bank accounts for the purpose of paying the co-conspirators handling the underlying fraud scheme.

    (f) In total, the City sent nearly $4,000,000 to the Gretson Company LLC Truist Bank account *0109.

    (g) AMUAH worked with other known individuals similarly situated to McDonald.

4. The statutory punishment for Count 1 is imprisonment for not more than 20 years, a fine of not more than $500,000 or twice the gross gain or loss, and a term of supervised release of not more than 3 years. A mandatory special assessment of $200 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2021, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all money laundering activity associated to all internet-enabled fraud conducted by this conspiracy and any identity theft conduct.

    (c) Pursuant to U.S.S.G. § 2S1.1(a)(2), the base offense level is 8.

    (d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(I), increase the offense level by 18 levels for the value of laundered funds exceeding $3,500,000.

    (e) Pursuant to U.S.S.G. § 2S1.1(b)(2)(C), increase the offense level by 4 levels for the defendant being in the business of laundering funds.

(f) Pursuant to U.S.S.G. § 3B1.1(a), increase the offense level by 4 levels because the defendant was an organizer or leader of criminal activity that involved five or more participants.

(g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(h) The Defendant agrees to pay restitution in the amount and to the victim(s) as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing. The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the advisory sentencing guidelines range as determined by the Court at sentencing.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Superseding Indictment, all described below:

4

- iPhone, seized from NANA AMUAH
- Dell Inspiron laptop, S/N G0LHQT2, seized from NANA AMUAH
- $10,930.02 seized from NANA AMUAH

The Defendant agrees to execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty as set forth in the forfeiture allegation of the Superseding Indictment. The Defendant agrees to execute any documents necessary for this forfeiture.

The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. This includes:

- iPhone, seized from NANA AMUAH
- Dell Inspiron laptop, S/N G0LHQT2, seized from NANA AMUAH
- $10,930.02 seized from NANA AMUAH

The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

The Defendant also agrees to the imposition of a forfeiture money judgment against him in an amount representing the amount of proceeds that he obtained as a result of the violation to which he is pleading guilty. The Defendant agrees that forfeiture is mandatory and authorized, as set forth in the forfeiture allegation of the Superseding Indictment. The

Defendant further agrees that the forfeiture money judgment is separate from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy. If the Defendant fails to pay in full the forfeiture money judgment, he consents to the forfeiture of any other property of his up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually

or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. . If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11.     The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of

financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 6/26/23      By: *Kathryn M. Dieruf*
Kathryn M. Dieruf
Assistant United States Attorney

Date: 6/26/23      *signature*
Nana Kwabena ~~McDonald~~ Amuah
Defendant

Date: 6/23/23      *signature*
William Butler
Attorney for Defendant