```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION AT LEXINGTON
                                - - -
    UNITED STATES OF AMERICA,       : Docket No. 23-1
                                    :
                         Plaintiff, : Lexington, Kentucky
                                    : Wednesday, October 18, 2023
                                    : 11:00 a.m.
    v.                              :
                                    :
    NANA KWABENA AMUAH,             :
                                    :
                         Defendant. :

                                - - -
                        TRANSCRIPT OF SENTENCING
                        BEFORE KAREN K. CALDWELL
                    UNITED STATES DISTRICT COURT JUDGE
                                - - -

    APPEARANCES:

    For the United States:      KATHRYN M. DIERUF, ESQ.
                                U.S. Attorney's Office
                                260 W. Vine Street
                                Suite 300
                                Lexington, Kentucky 40507

    For the Defendant:          WILLIAM M. BUTLER, JR., ESQ
                                Law Office of William Butler, Jr.
                                500 W. Jefferson Street
                                Suite 1520
                                Louisville, Kentucky 40202


    Court Reporter:             LAUREN I. GOOTEE, RMR, CRR
                                Official Court Reporter
                                101 Barr Street
                                Lexington, Kentucky 40507
                                (859) 469-7459




         Proceedings recorded by mechanical stenography,
    transcript produced by computer.
```

1     (Proceedings commenced in open court at 11:00 a.m.)
2             THE COURT:  Good morning.
3     Would the clerk please call the matter to come before the
4     Court.
5             COURTROOM DEPUTY:  Yes, Your Honor.
6     Lexington Criminal Number 23-01, United States of America
7     versus Nana Kwabena Amuah, called for sentencing.
8             THE COURT:  Would the United States make its
9     appearance for the record.
10            MS. DIERUF:  Kate Dieruf for the United States.  Good
11    morning, Your Honor.
12            THE COURT:  Ms. Dieruf.
13        For the defense.
14            MR. BUTLER:  Good morning, Your Honor.  For the
15    record, I'm William Butler.  I represent Mr. Amuah, who is
16    seated to my right in custody.
17            THE COURT:  Mr. Amuah, Mr. Butler.
18        This matter is called on for a sentencing hearing.
19        Has the United States received and reviewed the
20    presentence report and all related material?
21            MS. DIERUF:  It has, Your Honor.
22            THE COURT:  I didn't see any objections.  Are there
23    any you'd bring to my attention today?
24            MS. DIERUF:  No, Your Honor.
25            THE COURT:  Very well.

1    Mr. Butler, have you and Mr. Amuah received and reviewed
2 the presentence report and related material?
3        MR. BUTLER:  Yes, Your Honor, we did.
4        THE COURT:  I saw no objections.  Are there any you'd
5 bring today?
6        MR. BUTLER:  No, Your Honor.
7        THE COURT:  Very well.
8    The Court will adopt the factual findings and the
9 advisory guideline applications that are set forth in the
10 presentence report.  Accordingly, the Court determines that
11 the appropriate advisory guideline range for this defendant is
12 from 108 to 135 months on Count 1 based on a total offense
13 level of 31 and a Criminal History Category of I.
14    I don't think we have any counts to dismiss, do we,
15 Ms. Dieruf?
16        MS. DIERUF:  No, Your Honor.
17        THE COURT:  Very well.
18    I have received sentencing memoranda from both parties,
19 and I think I received this morning an attachment from the
20 United States to its memoranda regarding restitution.
21    Do you want to explain that to me?  I haven't had time to
22 look at it.
23        MS. DIERUF:  I know, Your Honor.  I just wanted it in
24 the record really for the clerk and kind of post-judgment
25 issues.

1   It just updates Exhibit A to our sentencing memorandum,
2   which is a list of the victims who are owed restitution.
3   We've been trying very hard to fill in addresses for the
4   clerk's office, and so those have been kind of slowly coming
5   in.  So I got some new addresses since I filed the sentencing
6   memorandum that I filled in.
7       And then, secondly, one of the victims discovered that
8   they had gotten a refund on one of the wires that was stolen
9   from them, so we reduced their restitution amount by the
10  amount they had gotten refunded.  So it's to the defendant's
11  benefit.  The restitution figure request is a little bit lower
12  because of that information.
13          THE COURT:  Okay.  Have you reviewed this material,
14  Mr. Butler?
15          MR. BUTLER:  Yes, Your Honor, this morning when I got
16  here.  I got here a little early.  So, yes.
17          THE COURT:  All right.  And is there any objection to
18  it?
19          MR. BUTLER:  No, Your Honor.
20          THE COURT:  Very well.
21      I have a motion from the United States which I'll
22  entertain here at the bench.
23
24                      SIDEBAR CONFERENCE
25                   FILED SEPARATELY UNDER SEAL

1    THE COURT: Mr. Amuah, I'm going to hear from the
2    lawyers in just a minute, but before I do, is there anything
3    that you would like to say to the Court to aid it in
4    determining your sentence?
5    THE DEFENDANT: Yes, Your Honor.
6    THE COURT: You may. Speak into that microphone so I
7    can hear you.
8    THE DEFENDANT: Sorry would be too easy to say. I
9    know people are put in this situation and saying they are
10   sorry. What I did was reckless, thoughtless, selfish. I've
11   put myself in a horrible situation, but I've also put my
12   mother, my family, and the people that look up to me and
13   depend on me as well.
14   All my life I've seen my mother work hard as I was raised
15   to do so, and I'm ashamed to be here, ashamed I let her down.
16   I know better than this, I am better than this, and I will be
17   better than this. If you give me a second chance, I promise
18   you will never see me in this courtroom again. I just need a
19   second chance to make this right, Your Honor.
20   Thank you.
21   THE COURT: Thank you very much.
22   Mr. Butler.
23   MR. BUTLER: Your Honor, I think that my client, not
24   only by his words right there but also by his actions as this
25   case has unfolded, he's demonstrated the sincere remorse that

1  he feels.  I think from the time he was arrested he's thought
2  more and more about this offense.  I think he's now come to
3  the conclusion of what he's just told the Court.  I'd ask the
4  Court to consider a sentence that's sufficient, but not
5  greater than necessary, based on all those factors.
6           THE COURT:  Thank you.
7       Ms. Dieruf.
8           MS. DIERUF:  Thank you, Your Honor.
9       This case, this is the first defendant being sentenced in
10 a case that involves really a business, and this business was
11 designed to defraud individuals and other businesses across
12 the United States of their hard-earned money.  These
13 businesses were mostly small businesses, and, you know, small
14 businesses are comprised of people.  So at the end of this,
15 this is victimizing a lot of people.
16      And the types of frauds like this, business email
17 compromises, can be just devastating to those individuals and
18 businesses.  The victim letters demonstrate the impact.  Some
19 businesses had to close because of the theft.  Businesses'
20 vendors and clients lost faith in them suffering their
21 business into the future.  Some people lost their jobs.
22 Individuals suffered mental and emotional injury, the toll of
23 which can take significant time to wear off, if ever.
24      I mean, the sentencing is about this defendant, but it's
25 also about all of these victims, and a just punishment is a

1  guideline sentence.
2        I would like to remind Your Honor that in the plea
3  agreement, the defendant agreed not to seek a below guideline
4  sentence.  Of course, that's properly adjusted guidelines,
5  but, nonetheless, nothing lower than that, because that's a
6  reflection of how serious this crime is.
7        I haven't even spoken about the victim that brought the
8  defendant in this district, and that is the City of Lexington.
9  These defendants targeted the City of Lexington for nearly $4
10 million, and that $4 million was pegged for housing
11 assistance.  So not only are the taxpayers victims of that
12 offense, but all of the individuals who were intended to
13 receive the housing assistance could have been victims of that
14 crime.
15       The victimization of the City of Lexington represented a
16 massive increase in the method of operation of this scheme.
17 It was a big enhancement from what they had been doing before.
18 So that $3.9 million is an aberration, but represented the
19 next phase of what these victims were getting into.
20       And the reaction from the defendants to realizing that
21 the City of Lexington was going to send this money was
22 elatement.  They were so excited that they were about to get
23 rich off of the taxpayers of the City of Lexington.  And that
24 is really a significant harm in and of itself, not to mention
25 the other 70-plus victims.

1     This sentence needs to also represent a significant
2 deterrence.  Business email compromise scams are happening all
3 too often, and the law enforcement side of this is just trying
4 to catch up, trying to hold people responsible for these types
5 of crimes, and in this case, we have been able to do it.  And
6 Your Honor has the opportunity today to set a sentence that
7 will deter others from engaging in the same type of crime.
8     And lastly, I wanted to comment on relative culpability.
9 This is the first defendant to be sentenced in this case.
10 There are two other defendants under indictment.  We hope to
11 bring other defendants before Your Honor that were
12 co-conspirators in this scheme.  And the guidelines are the
13 easiest way, most effective way to ensure that all of these
14 defendants with varying levels of culpability are getting just
15 sentences as compared to one another considering the various
16 degrees of culpability.
17     For these reasons, Your Honor, we ask for a guideline
18 sentence against this defendant.
19     I would also -- sorry, Your Honor.  Do you have a
20 question?
21         THE COURT:  No, go ahead.
22         MS. DIERUF:  I would also like to comment on
23 forfeiture and restitution.  We have a preliminary judgment of
24 forfeiture that lists three specific items.  That's an iPhone,
25 a laptop, and some currency worth $10,930.  We'd ask that that

1  be included in the judgment, as well as a forfeiture money
2  judgment in the amount of $970,916.  That money, $970,916, is
3  the amount of money we calculated defendant made off of all of
4  this fraud.
5          THE COURT:  So this is part of the forfeiture
6  judgment?
7          MS. DIERUF:  Part of the forfeiture money judgment,
8  Your Honor, yes.
9      I mean, that's a significant amount of proceeds for just
10 one member of this conspiracy to earn.
11     Finally, we'd ask for a restitution figure commensurate
12 with the filing made this morning, which reflects a figure of
13 $4,695,442.81.  That's going to be the total on page 2 of the
14 exhibit filed this morning, which is slightly different than
15 what was listed in the sentencing memo.  It's lower than what
16 was listed in the sentencing memo.
17     That's all I have, Your Honor.
18         THE COURT:  Thank you.
19     Yes, Mr. Butler?
20         MR. BUTLER:  This is in my memorandum.  The City of
21 Lexington did not lose any money.  I think Ms. Dieruf will
22 agree.
23         THE COURT:  Okay.  Thank you very much.  I noted that
24 in the memorandum.
25     These kinds of crimes are kind of difficult because, as

1 in this case, what we see is a relatively young man with very
2 little or no criminal history, but, nevertheless, having
3 committed an incredibly serious crime.
4     You know, I think that the ease of the internet and
5 operating under the cover of the worldwide web prevents people
6 from appreciating the effects of their actions.  You're
7 sitting behind a computer screen and you don't have to see or
8 interact with the people to whom so much harm has been done.
9     You know, these victims have suffered, many of them,
10 devastating losses.  They've lost their businesses.  They've
11 lost their financial security.  And you know what, among the
12 victims of this crime are the defendant's own family.  The
13 defendant mentioned his mother.  I'm sure that her confidence
14 in her son having engaged in such behavior has been shaken.
15     But, you know, what we really have to look at here is
16 that this is a very, very serious crime, and the Court has to
17 come up with a sentence that promotes respect for the law and,
18 more importantly, to provide general deterrence in a world
19 where, as we said, technology enables predators to steal from
20 people without their knowledge.
21     Therefore, the Court hereby determines that the defendant
22 is sentenced to a term of imprisonment for a term of
23 86 months.
24     Now, when you're released from prison, Mr. Amuah, you
25 will be on supervised release for a term of three years.

1    Within 72 hours of your release from prison, you must report
2    in person to the United States Probation Office in the
3    district to which you're released.
4        While you're on supervised release, you must not commit
5    another federal, state, or local crime, and you must comply
6    with the mandatory and standard conditions that are set forth
7    in the judgment and commitment order.
8        You must not possess a firearm, destructive device,
9    ammunition, or a dangerous weapon.
10       Because you do not appear to have a proclivity to use
11   drugs, the Court will suspend the drug testing condition
12   normally required by statute.
13       Now, if you are deported from the United States, you must
14   not reenter the United States without the permission of the
15   Department of Homeland Security, the United States
16   Immigrations and Customs Enforcement, and/or the Attorney
17   General of the United States.
18       If you reenter the United States during this period of
19   supervision, you must report to the nearest United States
20   Probation Office in the area to which you return.
21       Now, if you come to the United States, these conditions
22   will apply throughout the term of supervision:
23       You must abstain from the excessive use of alcohol.
24       You must submit your person, property, home, residence,
25   vehicles, storage units, papers, or offices to a search at the

1    direction and discretion of the United States Probation
2    Office.  This includes your computers as defined in Title 18
3    United States Code Section 10.30(e), but also includes other
4    electronic communications or cloud storage locations, data
5    storage devices, or media.
6         You must warn any occupants of your home that you are
7    subject to this search condition.  And failure to submit to
8    the search could be grounds for revocation of your supervised
9    release.
10        You must not have any direct or indirect contact with any
11   person or entity who was a victim in this case without the
12   permission of the United States Probation Office.
13        Because of the financial implications in this case, you
14   must provide the probation office with access to any financial
15   information that they request from you.
16        The Court will impose restitution in the amount of
17   $4,743,443.60.  This shall be due and payable immediately.
18   But if it is not paid upon commencement of the defendant's
19   sentence, it shall be paid according to a schedule developed
20   by the United States Bureau of Prisons.  If it is not paid
21   upon commencement of the supervised release, then it will be
22   paid according to a schedule set by the Court.  It is a joint
23   and financial responsibility with other defendants in this
24   case.
25        The restitution shall be paid according -- the victims

1    are set forth in Docket Entry Number 69, pages 1 and 2, a
2    victim restitution worksheet.
3         Is that sufficient for the judgment, Ms. Dieruf?
4              MS. DIERUF:  That's sufficient for us, Your Honor.
5              THE COURT:  Mr. Butler?
6              MR. BUTLER:  I believe it is, Your Honor.
7              THE COURT:  Okay.  Thank you very much.
8         Also, the defendant shall forfeit to the United States
9    your interest in the property contained in the forfeiture
10   allegation of the superseding indictment as set forth in the
11   plea agreement, which includes a judgment in the amount of
12   $970,916, which represents the defendant's proportionate share
13   of the unlawfully obtained proceeds.
14        You have to pay a special assessment of $100.  That's due
15   immediately.
16        Is there any legal reason sentence should not be imposed
17   as stated, Ms. Dieruf?
18             MS. DIERUF:  No, Your Honor.
19             THE COURT:  Mr. Butler?
20             MR. BUTLER:  No, Your Honor.
21             THE COURT:  Very well.  A judgment and commitment
22   order will be prepared in this case.
23        Mr. Amuah, I want you to listen carefully to the clerk of
24   court, who is going to give you some information regarding
25   your rights to appeal.  I know Mr. Butler has and will

1 continue to keep you well advised.  I will give you a copy of
2 this information to keep for your records and ask that you and
3 Mr. Butler sign and return a copy to the Court for its
4 records.
5    Please listen carefully.
6    (The form entitled "Court's Advice of Right to Appeal"
7 was read aloud in open court by the clerk, and said form was
8 signed by the defendant.)
9        THE COURT:  The defendant and his counsel have
10 executed the acknowledgment form, which will be filed in the
11 record.
12    Mr. Amuah, if you're not comfortable signing it, you
13 don't have to.  I don't want you to feel that you're compelled
14 to sign it.
15        THE DEFENDANT:  No.
16        THE COURT:  Do you want me to file this, or not?
17        THE DEFENDANT:  Yeah, I want to file it.  I want to
18 file an appeal.
19        THE COURT:  All right.  Thank you very much.  We'll
20 file it, and you're welcome to challenge this further if you
21 think that your waiver was in error.
22    All right.  Anything further from the United States?
23        MS. DIERUF:  No, Your Honor.
24        THE COURT:  Mr. Butler?
25        MR. BUTLER:  No, Your Honor.

1  THE COURT: Thank you. That concludes this hearing.
2  We'll be in recess.
3  (Proceedings concluded at 11:24 a.m.)
4  - - -
5  C E R T I F I C A T E
6  I, LAUREN I. GOOTEE, RMR, CRR, certify that the foregoing is a correct transcript from the record of
7  proceedings in the above-entitled case.
8
9  _/s/ Lauren I. Gootee_               Wednesday, May 2, 2024
   LAUREN I. GOOTEE, RMR, CRR           Date of Certification
10 Official Court Reporter